UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH CARTER**,<br><br>Petitioner,<br><br>v.<br><br>**WILLIS CHAPMAN**,<br><br>Respondent. | 2:20-CV-12569-TGB<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY (ECF NO. 1)** |

Kenneth Carter ("Petitioner"), currently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* petition for a writ of habeas corpus.[1] (ECF No. 1). Carter was convicted of first-degree premeditated murder, Mich. Comp. Laws § 750.316, assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in Kent County Circuit Court. *See People v. Carter*, No. 232862, 2003 WL 887594, at *1 (Mich. Ct. App. Mar. 6, 2003). Carter's petition does not challenge the constitutionality of these convictions. Instead, Carter, who has tested positive for COVID-19, seeks release from custody because he claims to suffer a higher risk of COVID-

---

[1] The pleading is entitled "Unconditional Writ of Habeas Corpus/Motion for Release from Custody – COVID-19."

19-related death while incarcerated. The Court dismisses the petition for writ of habeas corpus, denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

## II. Discussion

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus must first exhaust available state court remedies.[2] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must

---

[2] Carter does not specify whether his petition is filed under 28 U.S.C. § 2254 or § 2241. The Court need not make that determination because under either section, Carter is required to exhaust state court remedies before filing a habeas petition. *See Collins v. Million*, 121 F. App'x 628 (6th Cir. 2005).

2

give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

     Carter does not satisfy this burden. He neither alleges nor establishes that he has exhausted available remedies in the state courts. Carter has at least one available procedure by which to raise the issues presented in his pleadings. For example, he may file a state habeas petition because he seeks a determination on the legality of his continued confinement. *See Phillips v. Warden, State Prison of S. Mich.*, 396 N.W.2d 482, 486 (Mich. Ct. App. 1986). He may also seek relief, even release, by civil action in state court for unconstitutional conditions of confinement. *See Kent Cty. Prosecutor v. Kent Cty. Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987) ("No one now doubts the authority of courts to order the release of

3

prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights."). Carter thus has at least one available state court remedy that must be exhausted before proceeding in federal court. *See, e.g., Sewell v. Brown*, No. 2:20-CV-77, 2020 WL 3542154, *3-4 (W.D. Mich. June 30, 2010) (discussing available remedies and dismissing similar § 2241 habeas petition).

The Court notes that a petitioner's failure to exhaust state court remedies may be excused if "there is an absence of State corrective process" or if "circumstances exist that render such process ineffective" to protect his or her rights. 28 U.S.C. § 2254(b)(1)(B). Carter argues that pursuing a grievance in the prison system would be futile because the relevant policy directives bar grievances regarding conditions which impact all prisoners equally. (ECF No. 1, PageID.3). Even accepting this assertion as true, Carter has not shown that relief for his claims is unavailable to him in the Michigan courts. *See Hurst v. Rewerts*, No. 1:20-cv-680, 2020 WL 5200888, at *4 (W.D. Mich. Sept. 1, 2020) (dismissing petition on exhaustion grounds, noting that relief may be available to petitioner by way of a habeas corpus petition or civil action filed in the state court); *Money v. Pritzker*, 435 F.Supp.3d 1103, 1136 (N.D. Ill. 2020) (holding that exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so

4

[to resolve emergency COVID-19 motion]"). The petition, therefore, will be dismissed for failure to satisfy the exhaustion requirement.

## CONCLUSION

For the reasons stated, the Court concludes that Carter did not exhaust available state court remedies before seeking federal habeas review. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Carter may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Carter makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal

cannot be taken in good faith. *See* Fed. R. App. P. 24(a). This case is closed.

**IT IS SO ORDERED**.

Dated: January 19, 2021        s/Terrence G. Berg
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE